[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10985

Non-Argument Calendar

_____

MARKEL LATRAE BASS,

Petitioner-Appellant,

*versus*

ATTORNEY GENERAL, STATE OF FLORIDA,

Respondent,

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

2                    Opinion of the Court                    20-10985

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:19-cv-00141-MCR-CAS

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Markel Bass, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 federal habeas petition as time-barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court also determined that Bass was not entitled to equitable tolling of the limitations period. We granted a certificate of appealability on the following issue: "[w]hether the district court erred in its determination that Bass was not entitled to equitable tolling of the statute of limitations period." After review, we affirm.

## I.    Background

In June 2012, Bass was convicted by a jury of second-degree murder and robbery with a firearm and sentenced to a term of life imprisonment for each count.

After pursuing a direct appeal and state postconviction relief, Bass filed a twenty-page § 2254 habeas petition on May 17, 2019. He filed an amended § 2254 petition on June 27, 2019. The

20-10985                 Opinion of the Court                 3

State filed a motion to dismiss the § 2254 petition as untimely, arguing that Bass's one-year statute of limitations period under AEDPA expired on April 8, 2019, and, therefore, Bass's § 2254 initial and amended petitions were time-barred. In reply, Bass acknowledged his § 2254 petition was untimely, but argued that (1) because of Hurricane Michael in October 2018 and his subsequent prison transfer following the hurricane, he did not have access to his legal paperwork until January 2019 and (2) he had limited access to the law library, which warranted equitable tolling.

A magistrate judge issued a report and recommendation ("R&R"), recommending granting the State's motion to dismiss the § 2254 petition as untimely. The magistrate judge determined that Bass's one-year statute of limitations for filing a timely § 2254 petition expired on April 8, 2019, and, therefore, his § 2254 petition filed May 17, 2019, was untimely. The magistrate judge further concluded lockdowns and periods in which a prisoner cannot access legal documents do not constitute extraordinary circumstances for purposes of equitable tolling. Moreover, the magistrate judge noted that Bass stated that he received his legal paperwork in January 2019, which left him almost three months to file a timely § 2254 petition, but he failed to do so. Accordingly, the magistrate judge determined that equitable tolling was not warranted.

Bass objected to the R&R, arguing that he established a basis for equitable tolling. The district court adopted the R&R,

4                Opinion of the Court                20-10985

denied Bass a certificate of appealability, and dismissed the § 2254 petition as untimely.  As noted previously, we granted Bass a certificate of appealability on the equitable tolling issue.

## II.    Discussion

Bass argues that, due to Hurricane Michael in October 2018, his subsequent prison transfer following the hurricane which resulted in an inability to access his legal documents, and because of his limited access to the law library, equitable tolling of AEDPA's one-year statute of limitations is warranted.

"We review the district court's determination that equitable tolling is inapplicable de novo." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Under AEDPA, § 2254 petitions are governed by a one-year statute of limitations period that, as relevant here, begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year federal limitations period is statutorily tolled during times in which a "properly filed application" for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).

AEDPA's limitations period may be equitably tolled, but the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted).  To show diligence, a movant

must show that an effort was made to determine the limitations period and must show how the alleged extraordinary circumstance "thwarted his efforts" to file a timely petition. *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotation omitted). A prisoner is required to demonstrate "reasonable diligence, not maximum feasible diligence." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The movant must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id.* Equitable tolling is "an extraordinary remedy [that] is typically applied sparingly." *Arthur*, 452 F.3d at 1252 (quotation omitted).

Although Hurricane Michael in October 2018 was certainly out of Bass's control, he failed to establish a causal connection between the hurricane and the filing of his § 2254 petition seven months later in May 2019. Although he argues that, due to the hurricane, he was transferred and did not have access to his legal paperwork for three months, we have held generally that periods of time in which a prisoner is separated from his legal papers do not constitute extraordinary circumstances. *Dodd v. United States*, 365 F.3d 1273, 1283–84 (11th Cir. 2004). Furthermore, the record establishes that Florida's First District Court of Appeal affirmed the denial of his state motion for postconviction relief on June 7, 2018, almost five months before the hurricane. *See Bass v. State*, 250 So. 3d 1 (Fla. 1st DCA 2018) (table). Although Bass filed

a motion for rehearing from that ruling,[1] that does not change the fact that, for almost five months prior to the hurricane, he was aware that he had been denied postconviction relief in the state court and he had his legal paperwork and could have started preparing his § 2254 petition.

Moreover, even setting aside those five months, Bass stated that following his prison transfer after the hurricane, he received his legal paperwork in January 2019, which left him almost three months in which to file a timely § 2254 petition. And he has not explained why he could not have filed a timely § 2254 petition between January 2019 and April 8, 2019, particularly in light of the fact that his § 2254 claims were nearly identical to the ones he raised in his prior state court proceedings. *See Dodd*, 365 F.3d at 1283 (concluding equitable tolling not warranted where petitioner failed to make any "specific efforts to file his motion within the established limitations period, either in the five months before he was transferred . . . or in the seven months after his return to his facility"). Finally, although Bass may have had limited access to the law library, we have held that no access or limited access to a law library does not qualify as an extraordinary circumstance to warrant equitable tolling. *Atkins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000). Accordingly, the district court did not err in concluding that equitable tolling was not warranted.

AFFIRMED.

---

[1] The motion for rehearing was denied July 26, 2018.